**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS R. AHERN, | : |
| | : |
| Plaintiff, | : |
| | : NO. 1:21-cv-11007-DJC |
| vs. | : |
| | : |
| SIG SAUER, INC., AND CITY OF CAMBRIDGE | : JURY TRIAL DEMANDED |
| | : |
| Defendants, | : |
| | : |

**SIG SAUER, INC.'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant Sig Sauer, Inc. ("Sig Sauer") moves that the complaint of plaintiff against it be dismissed for failure to state a claim upon which relief may be granted. Fed. R Civ. P. 12 (b)(6).

As grounds for this motion, Sig Sauer States:

Count I (strict product liability) fails because this cause of action does not exist under Massachusetts law.

Counts II (negligence) and III (breach of an implied warranty of merchantability) fail because plaintiff sustained no physical injury in the incident in question. These claims are barred by the economic loss rule.

Counts V and VI (negligent and intentional infliction of emotional distress) fail due to a lack of physical injury and because plaintiff has not alleged conduct by SIG Sauer that would meet the definition of "extreme and outrageous."

Counts IV (breach of express warranty) and IX (breach of Magnuson-Moss Warranty Act) fail. Plaintiff did not purchase the pistol in question ("Subject Pistol"). Rather, the Subject Pistol was sold to Plaintiff's employer, the Police Department of the defendant City of Cambridge, and was issued to Plaintiff for use in his official capacity as a law enforcement

officer. Because Plaintiff did not purchase the Subject Pistol, he did not rely on any warranty, expressed or implied, as part of the bargain.

Count VII (Chapter 93A claim) fails because plaintiff lacks standing as the Subject Pistol was purchase by Plaintiff's employer for use in a law enforcement capacity.

Sig Sauer further relies upon the arguments and authorities set forth in its memorandum in support of this motion, filed herewith.

WHEREFORE, defendant Sig Sauer, Inc. request that this Court dismiss this action with prejudice.

### STATEMENT PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), Keith Gibson, Esquire (pro hac vice motion to be filed), national counsel for Sig Sauer, conferred by telephone call and email with Jeffrey Bagnell, Esquire, counsel for plaintiff, on August 11, 2021 concerning this motion and attempted in good faith to narrow the issue presented.  Despite such a conference through said communications, the parties remain at an impasse as to the relief sought by this motion.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Sig Sauer requests that this Court hold oral argument on its motion to dismiss.  Sig Sauer believes that oral argument may assist the court in in determining this motion and wishes to be heard.

|  |  |
|---|---|
|  | By its attorney, |
| Dated:  August 12, 2021 | /s/ Paul Michienzie<br>Paul Michienzie, BBO# 548701<br>  pmichienzie@masatlaw.com<br>Michienzie & Sawin LLC<br>745 Boylston Street, 5th Floor<br>Boston, Massachusetts 02116<br>Tel: 617-227-5660<br>Fax: 617-227-5882 |

Of counsel:

Keith Gibson (pro hac vice motion to be filed)
  Keith.Gibson@littletonpark.com
Littleton Park Joyce Ughetta & Kelly LLP
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Tel: 914-417-3400
Fax: 914-417-3401

Counsel for Defendant Sig Sauer, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 12th day of August, 2021.

    /s/ Paul Michienzie
Paul Michienzie