# EXHIBIT 2

*Nancy E. Glowa*
*City Solicitor*

*Megan B. Bayer*
*Deputy City Solicitor*

*Elliott J. Veloso*
*First Assistant City Solicitor*

<u>*Assistant City Solicitors*</u>
*Paul S. Kawai*
*Diane O. Pires*
*Patrick C. Cento*
*Kate M. Kleimola*
*Sydney M. Wright*
*Evan C. Bjorklund*
*Franziskus Lepionka*

<u>*Public Records Access Officer*</u>
*Seah Levy*



# CITY OF CAMBRIDGE
Office of the City Solicitor
795 Massachusetts Avenue
Cambridge, Massachusetts 02139

October 20, 2022

Peter K. Levitt
Donnelly Conroy & Gelhaar, LLP
260 Franklin Street,
Suite 1600
Boston, MA 02110

By email (pkl@dcglaw.com)

Re:  *Thomas Ahern v. Sig Sauer Inc. and City of Cambridge*, 21-cv-11007-DJC

Counsel,

We write to address the letter sent on September 23, 2022 at 2:29 PM regarding alleged deficiencies in (1) Defendant, the City of Cambridge's, Answers and Objections to Plaintiff's First Set of Interrogatories, (2) Defendant, the City of Cambridge's, Response to Plaintiff's First Set of Requests for the Production of Documents, and (3) Cambridge's document productions to date.

1. **Defendant, the City of Cambridge's, Answers and Objections to Plaintiff's First Set of Interrogatories**

The City agrees that Cambridge's preliminary statement notes that "[t]he City has not fully completed its investigation, discovery, analysis, legal research and preparation for trial . . . [and therefore] [f]urther investigation, discovery, analysis, legal research, and/or preparation by the City may result in the ascertainment of additional information . . . or documentation[.]"  Pursuant to the Court's minute order of July 11, 2022, the deadline for written discovery was September 11, 2022. *See* ECF No. 56 ("Written discovery by 9/11/22.").  The City disagrees however, with your assertion that any "'further investigation'" should therefore now be complete, and all responsive answers should have been made, including any supplemental answers.  All interrogatory answers should therefore be updated with the results of Cambridge's complete investigation."

As you know, parties have an ongoing duty to seasonably supplement additional information should any become available to it. <u>See</u> Fed. R. Civ. P. 26. As such, a party who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective

information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court. Fed. R. Civ. P. 26.

The City completed its initial answers to Plaintiff's interrogatories on August 12, 2022. In addition to these responses, the City also attempted, unsuccessfully, to work collaboratively with you on search terms to expedite the review of potentially responsive emails. In response, Plaintiff at the time committed to producing (1) "a list of tailored search terms for Lt. Ahern's emails that should limit the amount of review that must be performed on the account" and (2) "discrete emails that we know to be responsive for production to us by Cambridge." See July 8, 2022 email correspondence between City and Michelle Pagucci. As part of these collaborative efforts, the City generated, at Plaintiff's request, a "hit report" identifying responsive search terms. However, after production of this hit report, Plaintiff suddenly ceased ongoing collaborative efforts to identify reasonable search terms. As stating in part in your August 16, 2022 email, "[w]ith respect to the search terms to be run across all electronically stored information, it is clear that the first set of search terms we proposed did not yield a reasonable number of documents for Cambridge to review. As you know, we do not have an ESI Order in this case and so discovery is currently governed by the document requests only; we are not obligated to come to an agreement on search terms."

In the City's email response, dated September 9, 2022, we noted that: "[r]egarding your proposed search terms, you are aware that when the City ran those terms it resulted in the production of millions of items. As we discussed, the search needed to be adjusted as the results were unreasonable and unduly burdensome, and the City would not be able to review all the documents within the scheduling order deadlines." We further advised that "In light of these issues, the City has been working diligently with our IT department to further refine the search, and our most recent search yielded 31,948 items. We are currently reviewing these documents and do not know yet whether any are relevant or responsive to Lt. Ahern's request, privileged, and/or duplicates of the documents we will be forwarding shortly. The City will send you a supplemental response to its responses to production of documents, if needed, once the City completes its review." The Plaintiff, to date, has failed to provide discrete emails as he committed to doing on July 8, 2022.

The deficiency letter sent to the City on September 23, 2022 is a blatant attempt to now absolve the Plaintiff from any delay he has caused through his representations to the City. The Plaintiff, through counsel, committed himself to an active role in tailoring responsive searches of information that the Plaintiff sought which would expedite the search and not be overly burdensome upon the City. In response, the City delayed its own search and discovery timeline since July in its attempt to collaborate with the Plaintiff. To suggest that the City has now failed in its discovery obligations while wholly ignoring the already diligent efforts made by the City to collaborate with the Plaintiff through the discovery process, is unacceptable. This argument is made in bad faith, given the City's prior candor and responses it has already made to each of the Plaintiff's requests.

Therefore, the Plaintiff's cannot now claim surprise that the City is continuing to review potentially responsive documents, as Plaintiff has been fully apprised and even so necessitated the delay in the City's initial answers.

The City also disagrees with your assertion that "Local Rule 26.5(c)(8) authorizes a party to request that the other party 'state the basis' for a legal argument and require that the answering party, 'identify each and every document . . . which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory[,]' among other things.  *See* D. Mass. L.R. 26.5(c)(8) ('State the Basis'). Interrogatories 2, 3, 4, and 5 should therefore be answered by stating the basis for the various arguments referred to in those interrogatories." Mass. L.R. 26.5(c)(8) applies when "an interrogatory calls upon a party to 'state the basis' of or for a particular claim, assertion, allegation, or contention." Conversely, Plaintiff's Interrogatories 2, 3, 4, and 5 seek "the basis for Cambridge's defense." The Plaintiff misapplies L.R. 26.5(c)(8) as it relates to an affirmative obligation on the part of the City to divulge its defense tactics and consequently provide an assessment of its strengths and weaknesses in the case either through fact, document, or analysis.

Massachusetts Local Rules of Discovery state plainly that the rule "is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure." LR 26.5(B). Under Rule 33 of the Federal Rules of Civil Procedure, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). The rule was amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. On the other hand, under the new language interrogatories may not extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case. Fed. R. Civ. P. 33 advisory committee's notes to 1970 amendment (citations omitted). "[W]hile [a party] may not necessarily discover confidential communications between [an opposing party] and its attorneys or documents prepared by [an opposing party's] attorneys, the underlying facts contained therein are discoverable in response to a properly worded interrogatory." Bank of Am., N.A. v. Barnes Hill, LLC, No. 16-cv-11583-DJC, 2018 WL 10247150 at *2, 2018 U.S. Dist. LEXIS 233146 at *5 (D. Mass. July 26, 2018); see also Martin v. Evans, No. 16-cv-11362-PBS, 2018 WL 10247394 at *——, 2018 U.S. Dist. LEXIS 233381 at *4-5 (D. Mass. Feb. 6, 2018) (citing Fed. R. Civ. P. 33 advisory committee's notes to 1970 amendment).

In this case, Interrogatories 2, 3, 4, and 5 plainly asks for issues that are pure law, where they read: "State the basis for Cambridge's defense that…" This inquest is not supported by Mass. L.R. 26.5(c)(8). Inquires permissible under Mass. L.R. 26.5(c)(8) include: "When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention." However, this rule does not extend to any factual and legal analysis as to the strengths and weaknesses of creating the defense for the City's position. Therefore, a request for the basis for any "defense" as requested by Plaintiff is not synonymous with Mass. L.R. 26.5(c)(8) and is not contemplated or required by the either the local or federal rules governing discovery.

In response to Plaintiff's contention that Cambridge's answers to interrogatories 8, 11, and 13 is unsupported by law, without waiving any objections or defenses, the City agrees to supplement its response to its answers to interrogatories 8, 11 and 13, and will forward its First Supplemental Answers to Interrogatories by November 4, 2022.

3

### 2. Defendant, the City of Cambridge's, Response to Plaintiff's First Set of Requests for the Production of Documents

Plaintiff asserts that "Cambridge's responses to requests 1, 13, and 14 decline to produce any of Lieutenant Ahern's personnel materials or evidence of the disciplinary proceedings pending against him because he has not executed an authorization to release those documents." Without waiving any defenses or objections, the City states it received a signed authorization from Lt. Ahern on September 23, 2022 permitting the City to produce his personnel record. As a result, the City now agrees to seasonably supplement its responses to requests for production of documents, including hereby supplements its responses to Request No. 1, 13 and 14.

Plaintiff asserts that "Cambridge's responses to requests 4, 5, 7, 9, 12, and 17 decline to produce discovery relevant to the uncommanded discharge of Jacques Desrosiers' P320 (and any other uncommanded discharges) because it claims these other incidents are not relevant." Without waiving any defenses or objections, the City objects to these requests as they seek documents related to an investigation that is not complete. Furthermore, the City objects to these requests to the extent they seek sensitive personnel records containing a third-party's medical information without the Plaintiff first providing the City with a signed release from the third-party or the Plaintiff seeking an amended Protective Order from the Court to include the personnel and protected information relating to the third party. The City sent a Notice to the third party advising of the City's intent to provide certain personnel records on October 20, 2022. If the City does not receive an order from the Court, on or before October 31, 2022, precluding the City from producing the third-party's records, the City will seasonably supplement its responses with the appropriate documents. Further, the City states that Interrogatory No. 9 is not relevant to Jacques Desrosiers where it seeks information relative to "CPD's reasons for considering discontinuance of the P320, including any safety analyses, cost-benefit analyses, or other factors in the decision" and was answered in the City's Answer to Interrogatory No. 9. Given that there is no Interrogatory No. 17, the City therefore cannot respond to that portion of the Plaintiff's assertion.

Plaintiff asserts that "Cambridge's responses to requests 2, 3, 4, 5, 10, 11, 12, 13, 15, and 17 object to producing certain documents that were 'obtained in anticipation of litigation.' There is no privilege protecting documents obtained in anticipation of litigation; only those prepared in anticipation of litigation." Without waiving any defenses or objections, the City hereby supplements its response to its Request Nos. 10, 11, 12 and 13 by producing the enclosed City Production 2. The City reiterates that, given there is no Interrogatory No. 17, the City therefore cannot respond to that portion of the Plaintiff's assertion. With respect to Interrogatory No. 15, the City responded accordingly and completely.

### 3. Document Productions

Plaintiff asserts that "Cambridge has failed to produce all responsive documents, even though the September 11, 2022, deadline for discovery has passed." The City denies this assertion and cites to the aforementioned responses.

Without addressing the speculative nature of the claims made by Plaintiff in the herein referenced deficiency letter, and without waiving any objections and defenses, the City intends to

supplement its initial response to Plaintiff's Interrogatories and Request for Document Production through the following documents attached herein City Response Production 2. The City further commits itself to providing a privilege log in one week of the receipt of this communication.

As always, the City remains committed to working collaboratively with you to seek a resolution of any discovery issues. Should any outstanding issues remain after review of the City's supplemental production and privilege log, we request a conference call between parties prior to any motion to address such issues.

Without waiving any objections and defenses, the City reserves the right to seek attorney's fees in connection with the costs of preparing for and litigating an option to any motion to compel filed with the Court prior to the Plaintiff reviewing the City's supplemental responses and conferring with counsel regarding discovery issues, if any, that remain.

Very truly yours,

/s/ Diane Pires

Diane Pires
Assistant City Solicitor