UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. AHERN,<br><br>    Plaintiff,<br><br>    v.<br><br>SIG SAUER, INC. and CITY OF CAMBRIDGE,<br><br>    Defendants. | C.A. No. 21-11007-DJC |

**THE CITY OF CAMBRIDGE'S MOTION TO EXTEND THE DEADLINE TO RESPOND TO THOMAS AHERN'S MOTION TO COMPEL THE CITY OF CAMBRIDGE TO RESPOND TO DISCOVERY REQUESTS AND PRODUCE <u>RESPONSIVE DOCUMENTS</u>**

The Defendant, City of Cambridge (the "City"), now submits this Motion to Extend the Deadline to Respond to Thomas Ahern's Motion to Compel the City of Cambridge to Respond to Discovery Requests and Produce Responsive Documents ("Motion to Extend Time to Respond"). On December 23, 2022, Plaintiff's counsel filed Plaintiff Thomas Ahern's Motion to Compel the City of Cambridge to Respond to Discovery Requests and Produce Responsive Documents ("Plaintiff's Motion to Compel") and pursuant to Local Rule 37.1(c) of the United States District Court for the District of Massachusetts any opposition is due by January 6, 2023. As the City intends to file an opposition to the Plaintiff's Motion to Compel, the City respectfully requests that the deadline to file it be extended from **January 6, 2023** until **January 20, 2023**. As grounds in support of this Motion to Extend Time to Respond, the City states that good cause exists for granting this extension, the extension will be in the interests of justice, and Plaintiff will not suffer any prejudice as a result.

As further grounds, therefore, the City states as follows:

On December 15, 2022, at 2:29 pm, counsel for the Plaintiff contacted the City's counsel requesting some times the following week to meet and confer about remaining discovery issues.

On or about December 15, 2022, at 3:05 pm, the City's counsel provided Plaintiff's Counsel with their availability the week of December 19th, and informed Plaintiff's counsel that the City's offices, including the City's Law Department would be closed on December 23, 2022.

On December 19, 2022, counsel for Plaintiff and counsel for the City held a meet-and-confer to discuss outstanding discovery issues. The City's counsel informed Plaintiff's counsel that it disputed that the City's discovery responses were inadequate but counsel indicated that they would investigate the Plaintiff's further inquiries and requests for clarification with their client and suggested that the Plaintiff allow the City's counsel some time to confer with their client before the Plaintiff filed any motion to compel with the Court. The City's proposal was a good faith effort to narrow potential issues that could be raised in a motion to compel so as not to waste the Court's time if the parties were able to narrow the discovery dispute. Plaintiff's counsel indicated it would not commit to waiting for the City to inquire into the Plaintiff's further inquiries and requests for clarification, but also did not indicate to the City's counsel when it intended to file Plaintiff's Motion to Compel.

On December 23, 2022, Plaintiff's counsel emailed the City advising the City of the Plaintiff's intent to file a motion to compel on the same day. Plaintiff's counsel concedes that in response they received Counsels of Record's out-of-office messages indicating that the City's Counsel, Attorney Pires, would return on December 29, 2022 and Attorney Wright would return on January 2, 2023. Both out-of-office messages included instructions to contact the Law Department for any urgent or time-sensitive matters. Nonetheless, Plaintiff's counsel failed to contact the City.  Accordingly, the City's counsel was unaware of the Motion even when City

offices reopened on December 27, 2022. Thus, even though Plaintiff's counsel was aware of the opposing counsels' absences from the office, they still served the Motion on a date they knew the City to be closed, and nearly a week before they knew the City's counsel would be back in the office.

Plaintiff's Counsel now objects to the City's reasonable request for an extension to respond to the Plaintiff's Motion to Compel. When confronted with the request to assent to an extension for the City to respond to Plaintiff's Motion, and in an effort to obtain a reasonable extension to respond to Plaintiff's Motion to Compel, Plaintiff's Counsel first stated: "We will oppose your motion for an extension of time. Each of the issues addressed in our motion to compel was discussed in detail with Diane in our call of December 19. In addition, we called the Cambridge Legal Department at 617-349-4121 at 12:43pm and again at 12:44pm on December 23, 2022, after receiving your out of office responses. Neither of the calls were picked up."

After reminding counsel that they were advised via email as early as December 15, 2022 of the City's closure on December 23, 2022, Plaintiff's counsel then indicated that "On December 23, we contacted Cambridge to seek your assent as to the motion to impound, which we filed consistent with our obligations under the protective order" as opposed to calling the Law Department regarding the Plaintiff's Motion to Compel, as they initially stated. Plaintiff's counsel further indicated that "For purposes of the motion to compel, we had already satisfied our conference obligation through our call with Diane on December 19."

Thus, on January 3, 2023, Plaintiff's counsel immediately altered their original position regarding the inadequacy of their notice when confronted about their knowledge of the City's closure for the holiday. They now indicate the purpose of the December 23rd call was only to advise of the Motion to Impound but not to discuss the Motion to Compel, despite the fact that this

3

assertion directly contradicts Plaintiff's counsel's earlier email which stated "we called Cambridge...on December 23..." regarding Plaintiff's Motion to Compel. The City had no knowledge of any phone calls, regarding Plaintiff's Motion to Compel, as Plaintiff's Counsel did not leave a voicemail or message for the City. City's Counsel remained unaware of any purported phone calls until January 3, 2023. Local Rule 37.1(c) requires a party file its opposition within 14 calendar days of being served with a motion. Here, under the current deadlines, the City would have less than one week to respond to the Plaintiff's 10-page Motion to Compel, not including exhibits attached to the Plaintiff's Motion to Compel.

    Furthermore, the issues raised in the Motion to Compel require Counsel for the City to reach out to various City employees, which will take time given City employees' schedules surrounding the holidays and previously scheduled time out of the office. The City maintains that its discovery responses are sufficient and that the City has conducted a reasonable and diligent search for the requested information and documents. However, in the interests of justice, the City should be granted a brief extension of time to respond to Plaintiff's Motion to Compel given the Plaintiff's broad assertions in its Motion to Compel, for example, that "it is impossible to believe there are no written records". This brief extension of time will conserve judicial resources by allowing the City to confer with appropriate City employees to inquire further into the new inquires and requests raised by Plaintiff's counsel in the Motion to Compel, which may narrow some of the discovery disputes alleged in the Plaintiff's Motion to Compel. Additionally, such an extension in no way prejudices the Plaintiff, as the Plaintiff knowingly served the City at a time Plaintiff's Counsel knew the City to be closed and away for an extended period of time, necessitating this request. The City, as stated, continues to make ongoing efforts to communicate in good faith and

provide information to the Plaintiff in the City's repeated attempts to narrow issues with Plaintiff's counsel before reaching this Court.

**WHEREFORE**, for the above reasons, the Defendant, City of Cambridge, respectfully requests that this Court grant its Motion to Extend the Deadline to Respond to Thomas Ahern's Motion to Compel the City of Cambridge to Respond to Discovery Requests and Produce Responsive Documents, and grant the following relief:

1. Extend the City's deadline to serve and file a response to the Plaintiff's until January 20, 2023; and
2. and grant such other relief as appropriate.

Respectfully submitted,

Defendant,
City of Cambridge,
By its Attorneys,

Dated: January 4, 2023

/s/ Diane O. Pires
Diane O. Pires (BBO# 681713)
Sydney Wright (BBO# 698565)
City of Cambridge Law Department
Cambridge City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
dpires@cambridgema.gov
swright@cambridgema.gov

## CERTIFICATE OF CONFERENCE

      I hereby certify that on January 3, 2023, pursuant to Local Rule 37.1(a), counsel for the City of Cambridge conferred with counsel for the Plaintiff about the issues raised in the preceding Motion to Extend the Deadline to Respond to Thomas Ahern's Motion to Compel the City of Cambridge to Respond to Discovery Requests and Produce Responsive Documents.

## CERTIFICATE OF SERVICE

      I hereby certify that this filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 4, 2022                      __/s/ Diane O. Pires_____

                                                                    Diane O. Pires